CHARLES HICKS, Administrator of the Estate of NORMAN HINSDILL, *v.* CALEB SAYLES, CALEB W. SAYLES and ENOS S. SAYLES.

The act of 1835, enacting that, in actions on contract, if any defendant was not a party to the contract, he shall recover his costs and the plaintiff may recover against the other defendants, was repealed on the 20th of November, 1839, by the provisions and enactments of the Revised Statutes.

ASSUMPSIT, on a promissory note, against the defendants as partners under the name and firm of Caleb Sayles & Co.

Plea, *non assumpsit.* Issue to the court.

The writ in this case was prayed out on the fifth day of May, 1840, and made returnable at the June term of the county court.

On the trial in the county court, it was admitted that Caleb Sayles and Enos S. Sayles were the partners composing the firm of Caleb Sayles & Co., and that Caleb W. Sayles was not liable in this action.

The plaintiff contended that he was entitled to recover against the defendants who composed said firm, under the statute.of 1835, relating to parties in actions at law, which enacts that, in actions founded on contract, in case any defendant was not a party to such contract, he shall recover his costs, and the plaintiff may recover against the other defendants; and thereupon the county court rendered judgment against Caleb Sayles and Enos S. Sayles for damages and

BENNINGTON, costs, and in favor of Caleb W. Sayles for his costs, and the
February, defendants excepted to the decision.
1842.

Hicks, adm. of
Hinsdill
v.
Sayles et al.

*W. S. Southworth,* for defendants.

The case depends upon the question, is the statute of 1835, in relation to misjoinder of defendants, to apply? The defendants contend that *it is not to apply.*

1. The suit having been commenced May 5, 1840, the statute of 1835 was *already repealed.* Rev. Stat. ch. 111, sec. 4 & 13. Chapters twenty-five and twenty-eight of the Revised Statutes took effect November 20, 1839.

2. If the statute of 1835 remained in force till July 1, 1840, still, as it was *then* repealed, the case, in all further proceedings, is to be governed by the Revised Statutes, or the common law. Rev. Stat. ch. 111, sec. 5.

The privilege of taking judgment against those who are found to have made the contract, and suffering judgment as to the others, is not saved by sec. 5, ch. 111, Rev. Stat.

The plaintiff commenced his suit precisely as he would have done had there been no statute. Here is no ' *act* ' done which is to be affected—no ' right' established.

That the clause in relation to ' any suit or proceeding had or commenced, '&c. does not save this privilege to the plaintiff, appears in the provision which follows, that the *proceedings* shall, in such cases, be conformed to the provisions of the Revised Statutes.

*J. S. Robinson* for plaintiff.

The Revised Statutes, title 29, ch. 111, sec. 5, provides that the repeal of former acts shall not affect any suit or proceeding had or commenced, in any civil case, before the time when such repeal shall take effect. By virtue of this provision, judgment was properly rendered against two of the defendants.

The act of 1835 authorized the bringing the suit against any number of defendants, and the repeal of the law cannot have any retroactive operation so as to affect a suit already commenced. Per Collamer, J., *Gilman* v. *Morse,* 12 Vt. R. 552. Per Redfield, J., *Baker* v. *School District, No.* 1, 12 Vt. R. 194. *Perkins* v. *Perkins,* 7 Conn. 566–7. 4 Burr. 2460. 7 Conn. 557. 7 Johns 477.

The opinion of the court was delivered by

BENNETT, J.—On the trial it was admitted that two of the defendants were partners, and that Caleb N. Sayles was not connected with them ; and the only question in the case is, can the court render judgment for the plaintiff against the two defendants and in favor of the other ? In 1835 the act was passed which authorized, in actions on contract, if it turned out that one of the defendants was not a party to it, he might recover his costs, and the plaintiff recover against the other defendants. This act was not carried into the revised statutes, which generally went into effect from and after the 1st day of July, A. D. 1840. The repeal of the existing acts of the legislature, by means of the revised statutes, was not to affect any civil suit pending at the time the repeal took effect.

The present suit was commenced in May, 1840 ; and the simple question is, at what time was the act of 1835 repealed ? Though the 1st section of the 111th chapter of the revised statutes provides for their going into effect after July 1, 1840, yet the 4th section enacts that, where any of the provisions of the revised statutes are made to go into operation at any time before or after the first day of July, 1840, the corresponding provisions, if any, of the repealed statutes, *shall cease* to operate when, and shall continue in force until, the said new provisions shall go into operation. The act of 1835, relative to parties to actions, is one that is enumerated, in the 12th section, as among the repealed acts.

By the 13th section of the same chapter, both the 25th and 28th chapters of the revised statutes, the former relating to courts, and the latter to process and judicial proceedings, went into operation on the 20th day of November, 1839. We think that when the revised statutes, relative to the same subject matter to which the act of 1835 relates, went into operation, the repeal of that act took effect under the provisions in the 4th section.

The result must be, the judgment of the county count is reversed.

BENNINGTON,
*February,*
1842.

Hicks, adm. of
Hinsdill
*v.*
Sayles *et al.*